IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE OF MARYLAND | * | |
| v. | * | Crim. Action No.: RDB-16-0567 |
| CARUTHERS GANT IV, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

Defendant Caruthers Gant IV[1] ("Defendant" or "Gant") has been charged in the Circuit Court of Maryland for Baltimore City with Motor Vehicle Theft, in violation of Md. Code, Crim. Law, § 7-105 (Count I); Theft, in violation of Md. Code, Crim. Law, § 7-104 (Count II); and Unauthorized Removal of Property, in violation of Md. Code, Crim. Law, § 7-203 (Count III). *See* Charge Information, ECF No. 1-1. Defendant's state court jury trial was scheduled for November 29, 2016. However, on the morning of trial, Defendant filed a "Notice of Removal" in this Court (ECF No. 1).[2]

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1455(a):

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.S.C. § 1455(a). When a pending state criminal prosecution is removed to a federal district court, the court "shall examine the notice [of removal] promptly. If it clearly appears on the face of

---

[1] In his filings, Mr. Gant refers to himself as "Caruthers 4th of the Gant Family, living Man for GANT IV, CARUTHERS, corp. sole dba. CARUTHERS GANT IV." *See* Certificate of Service, ECF No. 1.

[2] Attached to Defendant's "Notice of Removal" is a "Mandatory Judicial Notice to Correct the Record" (ECF No. 1-4), in which Defendant seeks, *inter alia*, to "Correct the Record of adjudicated fact and law." This Court will not address the merits of this filing because, for the reasons stated herein, this case was improperly removed and will be remanded to the Circuit Court of Maryland for Baltimore City.

the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). "Removal may be permitted in certain civil rights cases, *see* 28 U.S.C. § 1443, or where the defendant is acting in his capacity as an officer of the United States, *see* 28 U.S.C. § 1442(a), or as a member of the armed forces of the United States, *see* 28 U.S.C. § 1442a." Mem. Op. and Order, Crim. No. PWG-13-0413 (D. Md. Aug. 14, 2013) (Grimm, J.).

## ANALYSIS

Defendant offers the following argument in support of removal:

> Let it be known by all court clerks and all Secretaries of States for now and forever that I am not nor will I ever be a U.S. Citizen and U.S. National. And let it be known I am a Non-Citizen Nation 8 USC 1452 (b) . . . You have three days to bring forth proof that I am.

Certificate of Service, ECF No. 1. However, the United States Court of Appeals for the Fourth Circuit has observed that "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions . . . ." *United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012). This Court has previously rejected similar attempts to evade state court jurisdiction. *See, e.g., Maryland v. Ghazi-El*, No. RDB-16-0207, 2016 WL 2736183, at *1 (D. Md. May 11, 2016). Defendant also references this Court's "diversity jurisdiction" and cites "UCC 1-103.6 UCC 1-308, UCC 1-301 UCC 1-107." Not. Of Removal, ECF No. 1. However, none of the cited provisions of the Uniform Commercial Code provide grounds for removal of this action. Furthermore, "diversity jurisdiction," a form of subject-matter jurisdiction in civil actions before this Court, is inapplicable.

"Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action." *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented)). Here, Plaintiff has provided no basis for removal of the

2

present action to this Court. *See Ghazi-El*, 2016 WL 2736183, at *1. *See also Wynn-Bey v. Talley*, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)) (Remanding state criminal action where the Defendant "ha[d] failed to comply with the pleading requirements or to show that he ha[d] been denied or cannot enforce a specified federal right in the state court respecting this prosecution."); *Maryland v. White*, No. JFM-09-3318, 2010 WL 325946, at *1 (D. Md. Jan. 20, 2010) ("Removal is not proper where there is no evidence that the criminal defendant will be unable to avail himself of the normal protections afforded to all criminal defendants."). For these reasons, this case is REMANDED to the Circuit Court of Maryland for Baltimore City.

## CONCLUSION

For the foregoing reasons, it is this 12th day of December, 2016, ORDERED that:

1. This case be REMANDED to the Circuit Court of Maryland for Baltimore City;

2. The Clerk of this Court transmit a copy of this Memorandum Order to defendant at his last known address;

3. The Clerk of this Court transmit a copy of this Memorandum Order to the Office of the State's Attorney for Baltimore City, Maryland;

4. The Clerk of this Court close this case.

_____
Richard D. Bennett
United States District Judge